WILLIAM K. BARNARD *versus* CUSHING BRYANT *& al.*

When the Revised Statutes went into operation, all the prior Statutes, which had been revised, were repealed, with certain exceptions and reservations as to crimes and vested rights.

All prior statutes for the relief of poor debtors, were repealed by the Revised Statutes.

If the time fixed in the notice for the examination and disclosure of the debtor, and for his taking the poor debtor's oath, was after the Revised Statutes went into operation, the proceedings should conform to those statutes throughout; the creditor has the right to select one of the justices, and the debtor has no right, in any event, to select more than one.

And if in such case the creditor claims the right to select one justice, and it is denied to him, and two justices, both selected for the purpose by the debtor, proceed in the examination and administer the oath, the proceeding is *coram non judice* and void.

In a suit upon the bond, where such proceedings only are relied upon as a performance, the defendants have not the right to have the damages assessed by a jury, in manner provided in the Revised Statutes, c. 115, § 78, but judgment is to be rendered in conformity to the provisions of the Revised Statutes, c. 148, § 39.

DEBT on a poor debtor's bond dated February 16, 1841. It was contended by the defendants, that the condition of the bond was performed by legally citing the creditor, disclosing the state of his affairs and taking the poor debtor's oath, in manner provided by law. Several exceptions were taken to the proceedings, in behalf of the plaintiff, but the decision of the Court rested wholly on the consideration of one of them. The facts and arguments in relation to the others are therefore omitted. The facts in relation to this point are stated in the opinion of the Court. It appeared by the papers, that the counsel for the creditor, after claiming the right of the creditor to select one of the justices, and after it had been denied, and after the justices selected by the debtor had pro-

ceeded in the examination, " and not waiving any legal objections," proposed certain interrogatories to the debtor. It was agreed, that if the proceedings constituted a legal defence, a nonsuit was to be entered ; but otherwise judgment was to be rendered for the amount of the legal liability of the defendants ; unless the Court should also be of opinion, that the defendants are entitled to have the plaintiff's damages assessed by a jury, in which event the case was to be sent to a jury.

*H. C. Lowell*, for the plaintiff, contended that the creditor should have been permitted to select one of the justices to take the disclosure of the debtor, and decide upon his right to take the oath, agreeably to the provisions of the Revised Statutes, c. 148, § 46. Because this right was denied, the justices had no power to act, no jurisdiction, and their proceedings are void.

The Revised Statutes had long before been published, and had been in operation five days before the attempt to take the oath. It might be sufficient to say, that whether the Rev. St. or the preceding ones are to govern, we are equally entitled to recover. If the former, the proceedings are void, because we were denied the right to select an appraiser ; if the latter, then we should also recover, because the oath provided by those statutes was not administered, but a different one.

All the statutes in relation to poor debtors, before existing, were repealed by the Revised Statutes ; and those alone regulated the rights of the parties. As the course pointed out in those statutes to constitute the Court, or tribunal, to act in the matter was not pursued, the justices had no power to act, and any adjudication made by them is entirely void. *Smith* v *Rice*, 11 Mass. R. 507 ; *Putnam* v. *Longley*, 11 Pick. 487 ; *Knight* v. *Norton*, 3 Shepl. 337 ; *Granite Bank* v. *Treat*, 6 Shepl. 340.

Putting interrogatives, reserving all rights, cannot make illegal proceedings valid. 1 Wils. 420 ; 1 W. Black. 451.

The defendants are not entitled to have the damages estimated by a jury under the Rev. St. c. 115, § 78. Here was no Court qualified by law to administer any oath, and of course,

no oath was administered according to law. To enable the debtor to have the damages assessed by a jury, the oath should have been administered by magistrates competent to act, and some error in the intermediate proceedings should have existed. Judgment should be rendered agreeably to the provisions of the Revised Statutes, c. 148, § 39. *Stone* v. *Tilson*, argued in this county, 1841.

*Groton*, for the defendant, said that the statutes of 1835 and 1836, on the subject, became dead letter matter, after July, 1841. The oath was administered five days after the Revised Statutes took effect. That provided by those statutes was therefore rightly administered.

The justices must be selected before the time for the examination of the debtor, and may be, as soon as notice is given. The law will not presume, that any act was wrong, until it is shown to be so. In the absence of proof, it will be presumed that the selection was made at least six days before the examination, when the debtor had by law the right to select both.

But the Rev. St. c. 148, § 46, do not necessarily give the right to the creditor to select. One justice *may be* selected by the creditor, or in some other mode.

The law makes the magistrates judges of the whole matter. They are to determine all these questions, and their decision is made final and conclusive. If the justices err in judgment, the sureties of a poor debtor, who sign his bond from motives of humanity, are not made by the legislature responsible for the payment of the large debt of a man wholly destitute of property. *Churchill* v. *Hatch*, 5 Shepl. 411.

Had there been any error in the selection of the justices, the act of the plaintiff in going into the examination of the debtor before them, and putting interrogatories, was a waiver of all objections.

However, in any view of the case, the damages, if any, are to be assessed by a jury. If there be any error in the proceedings, the damages are to be assessed by a jury in all cases where the oath has been taken, and the debtor thus shown to

be destitute of property. Such is both the letter and spirit of the law.

The opinion of the Court was drawn up by

WHITMAN C. J. — The bond declared upon was given by the defendants, conditioned that said Cushing Bryant, then under arrest on execution for debt, should, among other alternatives, within six months thereafter, cite the plaintiff, the creditor named in the execution, and disclose the state of his affairs, as by law provided, preparatory to the taking of the poor debtor's oath. The debtor caused the plaintiff to be cited to appear, &c. on the fifth day of August, 1841 ; and certain magistrates, all selected by the debtor, appeared at the time, for the purpose of attending to his examination and disclosure ; and in case it should thereupon be thought proper, to administer to him the oath prescribed by law. The counsel for the plaintiff also attended ; and insisted that, under the provisions of the Revised Statutes, ch. 148, § 46, the plaintiff had a right to select one of the magistrates, and stated that he had one there for the purpose of attending to the business, in conjunction with one to be named and selected by the debtor. To this the debtor objected. Whereupon the two so selected by the debtor proceeded to take the examination and disclosure, and finally administered the oath prescribed in the Rev. Stat.

The question is, was this a procedure warranted by law ? The Rev. Stat. went into operation on the first of August, 1841. All the prior statutes, which had been revised, were repealed, with certain exceptions and reservations as to crimes and vested rights. Proceedings like those in question do not fall within either of the descriptions named ; and, in fact, the magistrates must have so understood it ; for they administered the oath prescribed in the Rev. Stat. And we think the proceeding should have conformed to those statutes throughout. None other, in reference to this subject, were in force. It was clearly the right of the creditor to have selected one of the magistrates ; and the debtor had no right, in any event, to have selected more than one of them. The proceeding there-

fore was wholly *coram non judice* and void. The debtor, therefore, cannot be regarded as having performed the alternative in question, and not having performed either of the others, the defendants must fail as to this point of their defence.

It is then contended, that, if such be the case, they have a right to have the cause submitted to a jury, under the provision contained in the seventy-eighth section of ch. 115, of the Rev. Stat. The language there used would, according to its literal import, seem to embrace this case; and the literal import is not to give place to a construction differing from it, but upon palpable and satisfactory grounds. It may well be doubted whether the Legislature, if, at the time of this enactment, it had foreseen, that their language would have applied to a case like the present, would not have provided against such an application of it. If this case is to be submitted to the jury, debtors, it may be feared, will be encouraged in all cases, where the right to a discharge may be doubtful or hopeless, to take a similar course. In that way the penalty of the bond would be saved; and the debtor would have a chance to try an experiment upon the sympathies of a jury. Yet it must be confessed, that the same would seem to have been the case, under the operation of the statute of 1839, of which the section in question is but a re-enactment. Under that statute the debtor might, instead of selecting two justices of the quorum, the only legal and competent tribunal, have selected two justices *quorum unus*, and the result would have been, that the penalty of the bond would have been saved, and the cause would, on motion of the defendants, have been referable to a jury to say whether the defendants should be subjected to the payment of any thing or not, and if any thing how much.

Since, however, the two provisions are now incorporated into the same statute, it is reasonable to suppose it was intended, that the latter provision should not be rendered wholly nugatory by the former. It cannot well be believed, that the Legislature intended to open a door to fraudulent contrivances; and provide the means whereby a debtor, by a seeming ad-

herence to the literal import of language, should escape from a liability, which he had voluntarily incurred.

According to the agreement of the parties, judgment must be entered for the plaintiff in conformity to the Rev. Stat. ch. 148, § 39.